**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Indie Caps, LLC, an Arizona limited liability company, | No. CV-20-01970-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas P. Ackerman, an individual; Harvey Mackler, an individual; and Vayiheor, LLC, dba Gempire, LLC, | |
| Defendants. | |

Pending before the Court is Defendants' Vayiheor, LLC d/b/a Gempire, LLC (hereafter "Gempire") and Harvey Mackler ("Mr. Mackler") Motion to Dismiss (Doc. 24). Plaintiff Indie Caps, LLC ("Indie Caps" or "Plaintiff") filed a Response (Doc. 27), and Defendants filed a Reply (Doc. 34).

**I.     Background**

This case arises from a business dispute concerning the use of Indie Caps' confidential information. Indie Caps is an Arizona company that designs and sells hats. (Doc. 1 at ¶¶ 2, 13). Mr. Mackler is an individual who resides in Tampa, Florida. (*Id.* at ¶ 15; Doc. 24 at 7). Defendant Thomas Ackerman ("Mr. Ackerman") is a former Indie Caps employee, who worked from 2013 to 2020 as a sales manager. (Doc. 1 at ¶ 3). Plaintiff alleges Mr. Ackerman resides in South Carolina. (*Id.* at ¶ 14). Defendant alleges Mr. Ackerman resides in North Carolina. (Doc. 24 at 10). Neither party, however, alleges that Mr. Ackerman is an Arizona resident. Gempire is a Florida limited liability company with

its principal place of business also in Florida. (Doc. 1 at ¶ 16; Doc. 24 at 3).

Plaintiff alleges Mr. Mackler and Gempire conspired with Mr. Ackerman to steal Plaintiff's trade secrets and used them to compete with Plaintiff. (Doc. 1 at ¶¶ 77–86). The Complaint alleges that beginning in 2019, Mr. Ackerman furnished Gempire and Mr. Mackler with Indie Caps' confidential information and hat designs. (Doc. 1 at ¶¶ 31–36). Gempire and Mr. Mackler allegedly met in Florida with Mr. Ackerman, and they later contacted him in North Carolina from Florida. (Doc. 24 at 10–11). Gempire allegedly used the images of the hats on their Five Star Caps website, where interested persons could request a consultation with a Gempire representative. (Doc. 1 at ¶ 103; Doc. 24 at 12).

Indie Caps discovered this alleged conduct in 2020 and brought suit against Gempire, Mr. Ackerman, and Mr. Mackler for several intentional torts. (Doc. 1 at ¶ 1, 5). The Complaint brings claims for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) intentional interference with business relationships and expectancy; (4) unjust enrichment; (5) breach of fiduciary duty; (6) violation of the Arizona Uniform Trade Secrets Act; (7) violation of the Defense of Trade Secrets Act; (8) copyright infringement; (9) aiding and abetting; (10) false designation or origin; and (11) preliminary and permanent injunction. (*Id.* at ¶¶ 43–123). Only Counts Three, Four, Seven, Eight, Nine, Ten, and Eleven are brought against Gempire and Mr. Mackler. (*Id.* at ¶¶ 60, 62, 83, 89, 99, 104, 118).

**II. Discussion**

Gempire and Mr. Mackler bring their Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Doc. 24 at 1). They argue the Court lacks personal jurisdiction over them and that the Complaint fails to state a claim on which relief can be granted for Counts Eight and Ten. (*Id.*) Plaintiff does not oppose dismissal of Counts Eight and Ten. (Doc. 27 at 17). Therefore, the Court will dismiss them. This leaves Defendant's argument that the Court lacks personal jurisdiction over Gempire and Mr. Mackler. (Doc. 24 at 8–13).

**A. Legal Standard**

This Court "may exercise personal jurisdiction over a person, whether found within or outside Arizona, to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also* Fed. R. Civ. P. 4(k)(1)(A). Constitutional jurisdiction is bound by the Fourteenth Amendment's due process clause, which requires that the exercise of jurisdiction "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations and internal quotations omitted).

Since *International Shoe*, courts separate personal jurisdiction into "general" and "specific" jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Plaintiff does not argue that the Court has general jurisdiction over Mr. Mackler or Gempire. (Doc. 27 at 6). The only question is whether Mr. Mackler or Gempire is subject to this Court's specific jurisdiction.

The Ninth Circuit uses a three-factor test to determine whether a non-resident is subject to specific jurisdiction:

> (1) the nonresident must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). The burden lies with Plaintiff to establish the first two factors, then Defendant must "present a compelling case" that the exercise of personal jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 874 F.3d 797, 802 (9th Cir. 2004).

The Ninth Circuit applies a "purposeful direction" test to determine the first factor of the three-part test for specific jurisdiction. *Axiom Foods v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). The defendant must have (1) committed an intentional act; (2) expressly aimed at the forum state; (3) which caused harm that the defendant knew was

likely to be suffered in the forum state. *Wash. Shoe Co.*, 704 F.3d at 673. If any of these are not found, then there is no specific jurisdiction. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 288 (2014).

### B. Analysis

The question before the Court is whether it may exercise personal jurisdiction over a Florida resident and a Florida company who allegedly persuaded a non-Arizona resident to breach a contract with an Arizona company and commit other torts. Plaintiffs present several arguments why the Court may.

First, Plaintiffs argue that because Mr. Ackerman admitted jurisdiction was proper, Mr. Mackler and Gempire should be subject to personal jurisdiction. (Doc. 27 at 7). In Mr. Ackerman's Answer to the Complaint, he admitted that the Court has personal jurisdiction over Defendants. (Doc. 26 at ¶ 7). But just because one party says the Court has jurisdiction over another does not make it so. The Court finds that neither Gempire nor Mr. Mackler have given "express or implied consent" to this Court's personal jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Although Plaintiffs argue an agent's acts may be attributed to the principal, (Doc. 27 at 7–8), they provide no authority showing that one defendant may waive jurisdiction on behalf of all defendants who contest it.

Next, Plaintiffs argue that the first prong of the specific jurisdiction test is met because there was an intentional tort committed against an Arizona resident, and the harm was felt in Arizona. (Doc. 27 at 8–9). An intentional tort may be sufficient to meet the intentional act requirement of the purposeful direction test. *See Schwarzenegger*, 374 F.3d at 806. However, the Court does not find that Gempire and Mr. Mackler's alleged conduct was expressly aimed at Arizona.

Harm suffered by a forum resident alone without connection to the forum is not sufficient to support specific jurisdiction. *Walden* 571 U.S. at 288. In *Walden*, plaintiffs

were flying from Puerto Rico to Nevada with a layover in Georgia. *Id.* at 280. While in Georgia, Transportation Security Administration officers seized money plaintiff had won form a casino. *Id.* The plaintiffs, Nevada and California residents, attempted to bring suit in Nevada. *Id.* at 280–81. The Supreme Court held that the officers lacked sufficient contacts with Nevada to be subject to its jurisdiction as all the alleged conduct occurred in Georgia. *Id.* at 288–89. The fact that plaintiffs felt the injury in Nevada was insufficient to establish personal jurisdiction over the Georgia officer. *Id.* The plaintiff, the Court held, "cannot be the only link between the defendant and the forum." *Id.* at 285.

Likewise, here it seems that Plaintiff is the only link between Mr. Mackler, Gempire and Arizona. Both of these non-residents' contact with Mr. Ackerman did not occur in Arizona. The tortious conduct, like the officers in *Walden*, occurred outside of Plaintiff's state. Therefore, the Court does not find that Mr. Mackler and Gempire expressly aimed their alleged torts at Arizona.

Without conduct expressly aimed at Arizona, Plaintiff fails to satisfy the Ninth Circuit's purposeful direction test. *See Axiom Foods*, 874 F.3d at 1069. By failing to show purposeful direction, Plaintiffs also fail to establish specific jurisdiction. *See id.*

### III. Conclusion

The Court finds that it lacks specific jurisdiction over Mr. Mackler and Gempire. Therefore, the Court will grant Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 24) is **granted**. The Court will dismiss Counts Eight and Ten from the Complaint. The Court will also dismiss Defendants Vayiheor, LLC d/b/a Gempire and Mr. Mackler for lack of jurisdiction.

Dated this 9th day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge