**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Indie Caps LLC, | No. CV-20-01970-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas P Ackerman, | |
| Defendant. | |

Following a three-day trial in December 2022, the jury returned a verdict in favor of Plaintiff Indie Caps LLC ("Indie Caps") and against Defendant Thomas P. Ackerman ("Mr. Ackerman") for $3,250,000.00 (Doc. 87), and the Clerk of Court entered judgment accordingly. (Doc. 89). On August 14, 2023, the Court denied Mr. Ackerman's Motion For Judgment As a Matter of Law and Motion for New Trial. (Doc. 101) (the "August Order"). On September 14, 2023, Mr. Ackerman filed a Notice of Appeal with respect to the August Order (Doc. 103). Given that the appeal was filed thirty-one days after the issuance of the August Order, Mr. Ackerman acknowledged that his appeal was untimely and filed a Motion to Extend Time to Appeal (Doc. 105).[1]  The Court must decide whether to extend the time for appeal for excusable neglect and good cause under

---

[1] The matter is fully briefed. Indie Caps filed a Response (Doc. 106). Mr. Ackerman did not file a reply and the time to do so has passed. *See* LRCiv. 7.2(d) (moving party has seven (7) days to file a reply memorandum). Mr. Ackerman requested oral argument on his Motion. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court will deny the requests for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4. For the following reasons, Mr. Ackerman's Motion is denied.

## I.  Legal Standard

28 U.S.C. § 2107(a) establishes a thirty-day deadline in which a notice of appeal must be filed. *See* 28 U.S.C. § 2107(a). If a litigant fails to abide by the thirty-day deadline, 28 U.S.C. § 2107(c) sets forth the following procedure:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds—
>
> (1)   that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
>
> (2)   that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107(c). The purpose of the thirty-day deadline "is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands." *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016) (quoting *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264, (1978)) (internal quotation marks omitted). Rule 4[2] enforces the same thirty-day deadline but also permits district courts to "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows *excusable neglect or good cause*." Fed. R. App. P. 4(a)(5)(A) (emphasis added). The district courts enjoy wide discretion in deciding whether to allow a late appeal.

---

[2] Unless where otherwise noted, all Rule references are to the Federal Rules of Appellate Procedure.

*Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc).

Here, Mr. Ackerman filed his notice of appeal thirty-one days after the issuance of the August Order. Although Mr. Ackerman states that he should be granted an extension due both good cause and excusable neglect (Doc. 105 at 2), he only argues the latter exception in his Motion (*id.* at 2–4). When neglect is the basis for a late appeal, a district court applies the following four-part balancing test, commonly known as the *Pioneer* factors, to determine whether neglect is excusable:

> (1) the danger of prejudice to the non-moving party,
>
> (2) the length of delay and its potential impact on judicial proceedings,
>
> (3) the reason for the delay, including whether it was within the reasonable control of the movant, and
>
> (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 WL 3545291, at *14 (D. Ariz. July 24, 2018); *Gastelum v. Abbott Lab'ys*, 2006 WL 3717388, at *2–3 (D. Ariz. Nov. 22, 2006). "Merely establishing that excusable neglect exists does not automatically entitle a putative appellant to relief under [Rule] 4(a)(5)(A). The decision to grant or deny a request for enlargement of time under the Rule is committed to the sole discretion of district court." *Gastelum*, 2006 WL 3717388, at *3.

**II.    Discussion**

As the party seeking an extension, Mr. Ackerman bears the burden of demonstrating excusability. *See Advocs. for Individuals with Disabilities, LLC*, 2018 WL 3545291, at *46 (citing 20 Moore's Federal Practice § 304.14[2][a]). The Court will address each *Pioneer* factor in turn:

    **1.    Factor One: Danger of Prejudice to the Non-Moving Party**

    As to the first *Pioneer* factor, Mr. Ackerman concludes it would be unreasonable

for Indie Caps to argue prejudice resulting from a one-day filing delay. (Doc. 105 at 4). Indie Caps disagrees, contending "Mr. Ackerman first sought to delay Indie Caps' ability to enforce the judgment with a meritless post-trial motion that included misrepresentations about what transpired in trial" and is further "attempting to use his [own] failures to follow the rules to delay and misrepresent facts." (Doc. 106 at 2). Indie Caps also alleges that Mr. Ackerman continues to liquidate and/or transfer assets that could be used to honor the Court's judgment, and any further delay has the potential to prevent Indie Caps from obtaining recourse on the judgment. (*Id.*) Mr. Ackerman had the opportunity to refute Indie Caps' arguments, but declined to file a reply brief. So, the Court finds the first factor weighs in favor of denying Mr. Ackerman an extension in light of Indie Caps' claims of prejudice.

### 2. Factor Two: Length and Impact of Delay

As to the second *Pioneer* factor, the Court finds the length of the delay is minimal because, although Mr. Ackerman failed to file a notice of appeal within the thirty-day period prescribed by 28 U.S.C. § 2107(a) as a matter of right, Mr. Ackerman filed his Motion to Extend Time to Appeal within the thirty-day grace period provided by Rule 4. *Gastelum*, 2006 WL 3717388, at *4. This factor therefore weighs in favor of granting Mr. Ackerman an extension. *Id.*

### 3. Factor Three: The Reason for Delay

The third *Pioneer* factor looks to the reasons for delay, "including whether it was within the reasonable control of the movant[.]" *Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395). Mr. Ackerman's Counsel represents he recently changed law firms, which made it difficult for him to communicate with Mr. Ackerman over the summer and prevented Mr. Ackerman from receiving a copy of the August Order "until sometime later." (Doc. 105 at 4). Mr. Ackerman "admits the reason for the delay is not compelling or tragic[.]" (*Id.*) The Court finds these excuses lack adequate justification to merit an extension.

Mr. Ackerman's Counsel has an affirmative, ethical obligation "provide

competent representation to a client," an obligation that requires him to communicate effectively with his clients and arrange his schedule such that each client receives all the attention "reasonably necessary for the representation." Ariz. R. Sup.Ct. Rule 42, E.R. 1.1; *see also Gastelum*, 2006 WL 3717388, at *4.  Nor does Mr. Ackerman's Counsel point to any authority supporting his proposition that his neglect of the thirty-day appeal deadline should be excused simply because he moved law firms, a decision he made that was well within his control.  This factor weighs in favor of denying Mr. Ackerman an extension.

### 4. Factor Four: Good Faith

As to the last *Pioneer* factor, Mr. Ackerman "attests and submits that at all times in the litigation they have acted honestly and with sincerity of intention." (Doc. 105 at 4).  Indie Caps does not argue otherwise. (*See generally* Doc. 106).  This factor therefore favors an extension.

### III. Conclusion

Although *Pioneer* factors two and four favor granting an extension, the Court finds that the risk of prejudice posed to Indie Caps compounded with the absence of adequate justifications for Mr. Ackerman's delay tip the scale toward denying an extension.  Moreover, Indie Caps' arguments are well taken that "Ackerman simply neglected to follow the rules—as he has repeatedly done in this lawsuit, by for example, failing to follow the Court's rules concerning preparing the pretrial statement and specifically listing objections to evidence in the pretrial statement, and then signing Indie Caps' counsel's name to the pretrial statement and filing without Indie Caps' counsel's knowledge or permission." (Doc. 106 at 1–2).  Indeed, the reason why the district court enjoys wide discretion in deciding whether to allow a late appeal is "because [it] is in a better position . . . to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the appeal was not allowed." *Pincay*, 389 F.3d at 859.

Accordingly,

**IT IS ORDERED** that Defendant Thomas P. Ackerman's Motion to Extend Time to Appeal (Doc. 105) is **DENIED**.

Dated this 21st day of May, 2024.

Honorable Diane J. Humetewa
United States District Judge